# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA GUERRERO,<br><br>                   Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                   Defendant. | Case No.: 3:16-cv-01229-WQH-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT OF THE COURT**<br><br>**[ECF No. 30]** |

Before the Court is Plaintiff Linda Guerrero's motion to alter or amend the district judge's July 19, 2017 order denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and entering judgment in favor of Defendant. ECF No. 30. The motion is fully briefed and the matter has been referred to this Court for a report and recommendation. See 42 U.S.C. § 636(b)(1)(B).

After considering the relevant filings, the administrative record, and the applicable law, the Court **RECOMMENDS** that Plaintiff's motion be **DENIED** and the judgment **AFFIRMED**.

///

///

I. **<u>BACKGROUND</u>**

The Court extensively outlined both the procedural and factual background of this case in its April 26, 2017 Report and Recommendation (ECF No. 25) and will not repeat it here. In brief, Plaintiff filed an application for Supplement Security Income ("SSI") under Title XVI of the Social Security Act on July 23, 2012, alleging a disability onset date of August 20, 2007. Administrative Record ("AR") 124-29, 140. The Commissioner denied Plaintiff's claim initially and on reconsideration. AR 74-78, 86-92. During a hearing before an Administrative Law Judge ("ALJ") on September 17, 2014, Plaintiff was represented by counsel, who stated that Plaintiff had amended her SSI claim and sought benefits only for the period starting on July 23, 2012 (the date she filed the application) through September 1, 2013 (the date she returned to gainful employment). AR 37-38.

In a decision dated November 20, 2014, the ALJ found that Plaintiff was not under a disability from July 23, 2012 through September 1, 2013, because she was able to return to her past relevant work as a customer service clerk or as a retail sales clerk. AR 20-28. With the assistance of counsel, Plaintiff filed an appeal. AR 15-16, 202-03. On March 3, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for judicial review purposes. AR 1-4.

On May 23, 2016, Plaintiff sought review in the district court. In her motion for summary judgment, Plaintiff argued, among other things, that the ALJ's conclusion that Plaintiff performed past work at a level amounting to substantial gainful activity was not supported by substantial evidence. ECF No. 16-1 at 5-8. On April 26, 2017, this Court issued a Report and Recommendation finding that Plaintiff had waived this issue by not raising it during her administrative hearing or before the Appeals Council, despite having the assistance of counsel in both instances. ECF No. 25 at 9-12. After considering Plaintiff's objections to this Court's report, the district judge adopted the report in its entirety, denied Plaintiff's motion for summary judgment, and granted Defendant's cross-

motion. ECF No. 28. On July 20, 2017, the clerk entered judgment for Defendant. ECF No. 29.

## II. LEGAL STANDARD

A party may move to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(c). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff objects to the Court's finding that, by not expressly raising it during the administrative hearing or before the Appeals Council, Plaintiff waived the issue of whether she earned enough money at her previous jobs for any of them to constitute substantial gainful activity, such that she had past relevant work experience. ECF No. 30-1 at 3. In support of her position, Plaintiff cites to the Ninth Circuit's recent opinion in Lamear v. Berryhill, 865 F.3d 1201 (9th Cir. 2017), wherein the court held that counsel's failure to raise an issue or evidence at an administrative hearing "does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning."

In Lamear, the claimant's limitations included being limited to only "occasionally" handling, fingering, and reaching overhead with his left, non-dominant hand and arm. Lamear, 865 F.3d at 1203. During Lamear's administrative hearing, a vocational expert ("VE") testified that, given this limitation, Lamear could not return to his past relevant work, but could work as an office helper, mail clerk, or parking lot cashier. Id.

According to the Department of Labor's Dictionary of Occupational Titles ("DOT"), these alternate jobs required "frequent" handling, fingering, and reaching, but the VE did not explain why Lamear could nonetheless do this work, and "the ALJ never asked the VE to reconcile any potential inconsistencies between Lamear's manipulative limitations and the DOT's job descriptions." Id. at 1204. The ALJ denied Lamear's application for disability benefits, finding at step five that other jobs existed that Lamear could perform. Id. Lamear then requested review by the Appeals Council, arguing that an apparent conflict existed between his manipulative limitations and the DOT, which the ALJ should have reconciled. Id. The Appeals Council denied review, and the district court affirmed. Id.

On appeal, Lamear again submitted that the ALJ should have resolved the conflict between the VE's testimony and the DOT. Citing to Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999), the Commissioner argued that in order to preserve the issue for appeal, Lamear's counsel should have asked the VE during cross-examination to address the discrepancy. Id. at 1206. In response, the Ninth Circuit noted that, unlike in Meanel, Lamear *had* raised the issue before the Appeals Council. Id. The court further explained that when an apparent conflict exists between a VE's testimony and the DOT, the ALJ is required to reconcile the inconsistency. Id. (citing Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015)). Because that inquiry did not occur, the court remanded Lamear's case. Id. at 1207.

Two critical distinctions exist, however, between the present case and Lamear. First, the review in Lamear centered on the ALJ's determination at step *five* of the sequential evaluation process, see id. at 1204, at which point the burden shifts to the government, Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003) (explaining that "at this last step the burden of proof shifts from the claimant to the government"). By contrast, Plaintiff here objects to the finding at step *four*, where the burden still lay with Plaintiff to prove she was disabled and unable to return to past relevant work. Celaya, 332 F.3d at 1180. Plaintiff presents no argument or authority that the Lamear holding

applies to a step four analysis and, in fact, all of the authority cited in <u>Lamear</u> addresses review of step five determinations. See <u>Zavalin</u>, 778 F.3d at 846 (requiring ALJ to reconcile inconsistencies between the VE's testimony and the DOT at step five); SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (clarifying that ALJ must inquire about any conflicts between the VE's evidence and the DOT); (<u>Prochaska v. Barnhart</u>, 454 F.3d 731, 735 (7th Cir. 2006) (agreeing with other circuits that SSR 00–4p imposes on the ALJ an affirmative duty to inquire about conflicts between the DOT and VE testimony before making a step five determination).

Second, the claimant in <u>Lamear</u> raised the issue before the Appeals Council, 865 F.3d at 1206, whereas Plaintiff did not, AR 202-03. Plaintiff cites to <u>Sims v. Apfel</u>, 530 U.S. 103 (2000) in arguing that a claimant is not required to raise and exhaust discrete issues with the Appeals Council. ECF No. 30-1 at 4. However, the holding in <u>Sims</u> was limited to situations where the claimant *had* presented the issue to the ALJ. <u>Sims</u>, 530 U.S. at 112 ("[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues"). Plaintiff's counsel did not raise the argument that she lacked past relevant work before the ALJ or the Appeals Council, and thus, waived the issue. <u>Meanel</u>, 172 F.3d at 1115; <u>see also</u> <u>Shaibi v. Berryhill</u>, __ F.3d __, 2017 WL 3598085, at *6 (9th Cir. Aug. 22, 2017) (holding that where a claimant who was represented by counsel failed to challenge a vocational expert's job numbers at the administrative hearing as well as on administrative appeal, the claimant waived the issue on appeal to the district court). The Court, therefore, finds <u>Lamear</u> distinguishable.

While it is true that social security proceedings are intended to be "inquisitorial rather than adversarial" and that the ALJ generally is expected to "investigate the facts and develop the arguments both for and against granting benefits," <u>Sims</u>, 530 U.S. at 110–11 (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 400–401 (1971)), this Court is bound by Ninth Circuit precedent, which makes clear that a claimant who is represented by counsel waives any issues or evidence not presented at his or her administrative hearing.

Meanel, 172 F.3d at 1115; see also Shaibi, 2017 WL 3598085, at *6 (concluding that where a claimant did not present an issue before the ALJ *or* the Appeals Council, the court could not say that the holding in Sims was "clearly irreconcilable" with the court's decision in Meanel, and confirming that Meanel "remains binding on this court with respect to proceedings before an ALJ"). Given the facts this case, the Court also finds Greger v. Barnhart, 464 F.3d 968 (9th Cir. 2006) instructive. In Greger, the claimant applied for disability benefits solely on the basis of physical problems. Greger, 464 F.3d at 968, 973. During his administrative hearing, the ALJ asked why Greger had difficulty getting along with a former supervisor and Greger testified that he had Post Traumatic Stress Disorder ("PTSD"). Id. at 973. The ALJ followed up by inquiring as to whether the Veteran's Administration had given Greger a percentage rating for his PTSD and if so, when that occurred. Id. In his decision, the ALJ concluded at step two that Greger's PTSD did not meet the criteria for a severe impairment. Id. at 971. Though Greger was represented by counsel, and despite the discussion with the ALJ on the topic of PTSD, Greger never claimed PTSD as a basis for his disability at the administrative level, before the Appeals Council, or in the district court. Id. at 973. On appeal, the Ninth Circuit concluded that Greger had waived the issue of whether the ALJ erred in finding that his PTSD was not severe by failing to raise it earlier.[1] Id. Further, the court found that Greger had every opportunity to raise the issue of his PTSD and that the court's refusal to address the issue did not constitute a miscarriage of justice. Id. at 974.

Plaintiff here argues that the earnings records were before the ALJ and that it was the ALJ's duty to develop the record in order to determine whether Plaintiff engaged in substantial gainful activity. ECF No. 30-1 at 4-5. Yet, as in Greger, Plaintiff never raised the issue of whether her past work constituted substantial gainful activity, even when her attorney and the ALJ were asking the VE about Plaintiff's past work during the

---

[1] Though the court in Greger addressed issues raised for the first time on federal appeal, the court's reasoning applies equally to issues raised for the first time in the district court.

hearing. See AR 47-49. She also did not raise the issue before the Appeals Council. Though she had legal representation at both administrative levels, and every opportunity to do so, Plaintiff did not question the ALJ's finding that her prior work met the standard for substantial gainful activity until she sought relief from the district court. Under these circumstances, the issue is waived. Greger, 464 F.3d at 973; Meanel, 172 F.3d at 1115. And, while the court may excuse such a waiver when it is necessary in order to "avoid a manifest injustice," Meanel, 172 F.3d at 1115, that is not the case here. On similar facts, the courts in Meanel and Greger concluded that finding waiver would not result in manifest injustice and Plaintiff has not persuaded the Court that this case is any different.

On a final note, Plaintiff's briefing implies that Plaintiff's earnings records were neatly laid out in the administrative record and that it was patently obvious that they did not amount to substantial gainful activity. That simply is not the case. The SSA's formula for determining substantial gainful activity is somewhat complex. See 20 C.F.R. § 416.974 (Nov. 16, 2016). In determining whether a claimant's past work rose to the level of substantial gainful activity, the SSA compares the claimant's monthly earnings to a baseline level for each year. These levels are reflected in a chart on the Social Security Administration's website (https://www.ssa.gov/OACT/COLA/sga.html) (last visited Sept. 19, 2017), of which the Court takes judicial notice.[2]

In this case, data provided in the administrative record shows Plaintiff's *annual* earnings over the years, but do not provide any insight into how long she worked in any given year. Thus, the calculation necessary to determine her monthly earnings would

---

[2] The Court takes judicial notice of this website pursuant to Federal Rule of Evidence 201, which allows the court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (Courts may take judicial notice of some public records, including the "records and reports of administrative bodies") (internal citation omitted); see also Foreman v. Freedman, No. 11-CV-1187-MMA (RBB), 2013 WL 12184328, at *3 (S.D. Cal. Dec. 20, 2013), aff'd, 653 F. App'x 885 (9th Cir. 2016) (taking judicial notice of the SSA's official website).

require knowledge of how many months, or hours per day and days per week, she worked. In her motion for summary judgment, Plaintiff lists her earnings for each year and then, for many of the years, makes arguments such as "[n]o evidence suggests that Guerrero worked in eight months or less during that calendar year." See ECF No. 16-1 at 7. But again, at step four, it was the claimant's burden, not the ALJ's, to show that she had not engaged in substantial gainful activity. Celaya, 332 F.3d at 1180. The administrative record also contains earnings information Plaintiff provided—specifically, that between 1998 and 2011 she worked in retail customer service for six hours a day, five days a week, at an hourly rate of $8.25. AR 147. Using these numbers, one calculates that Plaintiff earned $49.50 a day and at least $990.00 per month (though potentially more in months with five work weeks). The SSA's baseline monthly amounts for 1998 to 2011 range from $500 to $1,000 (only 2010 and 2011 rise above $980). According to the SSA, a person who is earning more than the monthly amount listed ordinarily is considered to be engaging in substantial gainful activity. Thus, the data provided by Plaintiff supports a finding that she engaged in substantial gainful activity.

The Social Security Act provides for judicial review of a final agency decision denying a claim for disability benefits. 42 U.S.C. § 405(g). A reviewing court must affirm the denial of benefits if the agency's decision is supported by substantial evidence and applies the correct legal standard. Id. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 2003). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ's finding that Plaintiff engaged in substantial gainful activity is supported by reasonable inferences drawn from the record. Plaintiff's argument is, at most, another rational interpretation. The Court, therefore, concludes that the denial of benefits was supported by substantial evidence.

1    **IV.    CONCLUSION**

In sum, the Court finds that <u>Lamear</u> does not provide grounds to amend the district judge's prior judgment and that affirming the judgment will not result in manifest injustice. <u>Allstate</u>, 634 F.3d at 1111. Because the Court finds the extraordinary remedy of Rule 59 relief is not warranted in this case, the Court **RECOMMENDS** that the district judge **DENY** Plaintiff's motion and affirm the judgment.

This Report and Recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **October 6, 2017**. The document should be captioned "Objections to Report and Recommendation." Any response to the objections shall be filed and served by **October 20, 2017**. The parties are advised that any failure to file objections within the specified time may waive the right to challenge the magistrate judge's factual findings on appeal of the Court's order. <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 21, 2017

_____
Hon. Nita L. Stormes
United States Magistrate Judge