UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LINDA GUERRERO,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

Case No.: 16-cv-1229-WQH-NLS

**ORDER**

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 34) filed by the United States Magistrate Judge.

**I.     Background**

On July 23, 2012, Plaintiff Linda Guerrero filed an application for Supplemental Security Income. Administrative Record ("AR") at 124–129, 140. Plaintiff was represented by counsel during her appearance before the Administrative Law Judge ("ALJ") assigned to her application. *See id.* at 37–38. On November 20, 2014, the ALJ issued a decision denying Plaintiff's application for benefits and finding Plaintiff not disabled under the Social Security Act. *Id.* at 20–28. The ALJ found that Plaintiff could perform her past relevant work as a customer service clerk and a retail sales clerk and that this past relevant work does not require her to perform work-related activities precluded

1

by her residual functional capacity. *Id.* Plaintiff never raised the issue of whether her past work demonstrated "substantial gainful activity" before the ALJ. *See* AR at 48–49.

Plaintiff filed an appeal of the ALJ's decision. *Id.* at 15–16, 202–03. Plaintiff did not argue that the ALJ erred in finding that Plaintiff's past work was relevant because it demonstrated substantial gainful activity. *See id.* On March 3, 2015, the Appeals Council denied Plaintiff's request for review. *Id.* at 1–4.

On May 23, 2016, Plaintiff initiated this action by filing the Complaint (ECF No. 1) against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security.[1] On October 26, 2016, Plaintiff filed a Motion for Summary Judgment (ECF No. 16). On December 2, 2016, Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 21). On April 26, 2017, the United States Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Cross-Motion for Summary Judgment be granted. (ECF No. 25). The Magistrate Judge found that Plaintiff waived the argument that the record does not demonstrate a level of "substantial gainful activity" for her past relevant work by not raising the issue before the ALJ or the Appeals Council. *Id.* at 9–12.

On July 19, 2017, the Court issued an Order adopting the Report and Recommendation in its entirety, denying Plaintiff's Motion for Summary Judgment and granting Defendant's Cross-Motion for Summary Judgment. (ECF No. 28). The Court stated that "[t]he Magistrate Judge correctly concluded that Plaintiff waived the argument that the record does not demonstrate a level of 'substantial gainful activity' for her past relevant work." *Id.* at 3. The Clerk of Court entered judgment for the Defendant on July 20, 2017. (ECF No. 29).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill has been automatically substituted for Colvin as her successor as Acting Commissioner of Social Security.

On August 2, 2017, Plaintiff filed a Motion to Alter or Amend the Judgment of the Court "on the grounds that the memorandum and resulting judgment constitute a fundamental and clear error of law based on *Lamear v. Berryhill*, [865] F.3d [1201] (9th Cir. August 1, 2017)." (ECF No. 30 at 1). On August 31, 2017, Defendant filed a Response to Plaintiff's Motion to Alter or Amend the Judgment of the Court. (ECF No. 32). On September 14, 2017, Plaintiff filed a Reply (ECF No. 33).

On September 21, 2017, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Motion to Alter or Amend the Judgment of the Court be denied. (ECF No. 34). The Magistrate Judge concluded that "Plaintiff's counsel did not raise the argument that she lacked past relevant work before the ALJ or the Appeals Council, and thus, waived the issue." *Id.* at 5 (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999). The Magistrate Judge reasoned that *Lamear* does not require a different result because "the claimant in *Lamear* raised the issue before the Appeals Council, 865 F.3d at 1206, whereas Plaintiff did not, AR 202-03." *Id.*

On October 5, 2017, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 35). Plaintiff contends that the Court should reject the Report and Recommendation (ECF No. 34) because Plaintiff did not waive the argument that the record does not demonstrate a level of substantial gainful activity for her past relevant work. *Id.* Plaintiff contends that an issue is not waived when the evidence on the record does not support an ALJ's erroneous finding even if the claimant's "attorney did not warn the ALJ of the possible error and did not point out that error to the Appeals Council." *Id.* at 1.

## II.     Legal Standard

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

## III. Analysis

Plaintiff contends that she did not waive the argument that the record does not demonstrate a level of substantial gainful activity for her past relevant work because the ALJ's contrary finding is not supported by the evidence on the record, even though Plaintiff did not raise that issue before the ALJ or the Appeals Council. *Id.* at 1. The Court of Appeals has explicitly "h[e]ld that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999). Plaintiff did not raise the issue of whether the record demonstrates a level of substantial gainful activity for her past relevant work before the ALJ or the Appeals Council. *See* AR at 15–16, 48–49, 202–03. Consequently, Plaintiff has waived her right to raise that issue before this Court. *Meanel*, 172 F.3d at 1115.

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 34) is adopted in its entirety. Plaintiff's Motion to Alter or Amend the Judgment of the Court (ECF No. 30) is DENIED.

Dated: February 12, 2018

Hon. William Q. Hayes
United States District Court

4